■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOUREDDINE JAAFAR, Appellant. [714 NYS2d 17] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered December 9, 1997, convicting defendant, after a jury

trial, of bribery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The credible evidence warranted the conclusion that defendant was aware that he was offering the police a bribe to release his friend, rather than posting bail.

There was no violation of defendant's rights under *Brady v Maryland* (373 US 83). Late in the trial it came to light that one of the police witnesses was under departmental investigation for possible misconduct. Since the investigative file was not immediately available, defendant agreed to a time-saving compromise whereby defendant would cross-examine the officer based on the prosecutor's oral representations concerning the nature of the misconduct, subject to possible reopening of cross-examination upon the arrival of the actual file. The record fails to support defendant's claim that the court "pressured" him into accepting this arrangement. When the file finally arrived during jury deliberations, the court properly exercised its discretion in declining to permit further cross-examination. The file revealed the same facts that had already been disclosed, the sole exception being that the officer's modified assignment was somewhat more restrictive than previously divulged. There is no reasonable possibility that defendant's inability to cross-examine the officer about the details of his modified assignment affected the verdict (*see, People v Vilardi*, 76 NY2d 67, 77). The officer was fully cross-examined about the alleged misconduct, and the nature of his modified assignment had little or no relevance to his credibility.

The court properly admitted defendant's statement to the police that he had been "through the system". Defendant opened the door to such evidence by raising a defense that he was ignorant of arrest processing and mistakenly thought that bail could be posted with the arresting officer (*see, People v Hudson*, 273 AD2d 83).

On the existing record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

The challenged portions of the prosecutor's summation, when viewed in context, were fair responses to defendant's summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.